FIFTH DIVISION
DECEMBER 8, 2006

No. 1-06-1534

| | | |
|---|---|---|
| In re PETITION of | ) | |
| | ) | Appeal from the |
| ANNA D. REYES and NOE REYES | ) | Circuit Court of |
| | ) | Cook County. |
| | ) | |
| | ) | No. 04 COAD 2660 |
| TO ADOPT J.D.C. | ) | |
| (Anna D. Reyes and Noe Reyes, | ) | |
| Petitioners-Appellees, | ) | |
| v. | ) | |
| | ) | Honorable |
| Jose A. Corral, | ) | Robert A. Bertucci, |
| | ) | Judge Presiding. |
| Respondent-Appellant). | ) | |

JUSTICE TULLY delivered the opinion of the court:

This is an appeal in an action in adoption of the circuit court's order terminating the parental rights of respondent, Jose Corral. Petitioners Anna Reyes and Noe Reyes filed a petition for adoption seeking to adopt Anna Reyes's biological son, J.D.C., a five-year-old boy. The circuit court entered an order terminating Jose Corral's parental rights for failure to register with the Putative Father Registry. For the reasons that follow, we reverse and remand with instructions.

Anna Reyes and Jose Corral are the biological parents of J.D.C., who was born on September 3, 2000. At the time of J.D.C.'s birth, Reyes and Corral were not married. Corral did not register his name with the Putative Father Registry within 30 days of J.D.C.'s birth, as provided in section 12.1 of the Illinois Adoption Act (Act)(750 ILCS 50/12.1 (West 2004)). J.D.C.'s birth certificate lists Jose Corral as the father.

The amended petition for adoption states that petitioners were married in June 2004 and that they are the biological mother and stepfather of J.D.C.  The petition states that Anna Reyes resided with the child since his birth in 2000.  Noe Reyes lived with Anna Reyes and the child since 2002.

Jose Corral received notice of the petition to adopt and he filed a statement objecting to the adoption.

On December 7, 2005, petitioners filed a motion for termination of the biological father's parental rights.  The petitioners argued that Corral's failure to register with the Putative Father Registry provided sufficient grounds to terminate his parental rights.  Corral responded arguing that he is the admitted biological father and his name is listed on the child's birth certificate as such.

The circuit court held a hearing on the motion for termination of parental rights on January 11, 2006.  No evidence was presented and the court heard only arguments of counsel. The circuit court entered an order terminating the biological father's parental rights for failure to register with the Putative Father Registry.

Thereafter, Corral filed a motion for reconsideration with a copy of the child's birth certificate attached.  The court denied the motion and this appeal followed.

On appeal, Corral contends he is entitled to a hearing on his parental fitness and the trial court erred in terminating his parental rights based solely upon his failure to register with the Putative Father Registry.  We agree.

The Illinois Adoption Act, provides, in pertinent part:

"50/8.  Consents to adoption and surrenders for purposes of adoption.

\*\*\*

(a) Except as hereinafter provided in this Section consents or surrenders shall be required in all cases, unless the person whose consent or surrender would otherwise be required shall be found by the court:

(1) to be an unfit person as defined in Section 1 of this Act, by clear and convincing evidence; or

(2)\*\*\*

(3) to have waived his parental rights to the child under Section 12a or 12.1 of this Act." 750 ILCS 50/8(a) (West 2004).

Section 12.1(h) of the Act provides in pertinent part:

"(h) Except as provided in subsection (b) or (c) of Section 8 of this Act, failure to timely register with the Putative Father Registry (i) shall be deemed to be a waiver and surrender of any right to notice of any hearing in any judicial proceeding for the adoption of the child, and the consent or surrender of that person to the adoption of the child is not required, and (ii) shall constitute an abandonment of the child and shall be prima facie evidence of sufficient grounds to support termination of such father's parental rights under this Act." 750 ILCS 50/12.1(h) (West 2004).

1-06-1534

There is no dispute that Corral failed to register with the Putative Father Registry. Thus, pursuant to section 12.1 of the Act, Corral's consent to the adoption of his child is not required unless subsection (b) or (c) of section 8 applies. Section 8 of the Act further provides in pertinent part:

"(b) Where consents are required in the case of an adoption of a minor child, the consents of the following persons shall be sufficient:

(1)(A) The mother of the minor child; and

(B) The father of the minor child, if the father:

(i) ***

(ii) is the father of the child under a judgment for adoption, an order of parentage, or an acknowledgment of parentage or paternity pursuant to subsection (a) of Section 5 of the Illinois Parentage Act of 1984." 750 ILCS 50/8(b) (West 2004).

Subsection (b) provides that Corral's consent to the adoption is required if he is the father under an acknowledgment of parentage pursuant to section 5(a) of the Illinois Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 2004)). Simply, even though Corral failed to register with the Putative Father Registry, his consent is required if he acknowledged paternity pursuant to the Illinois Parentage Act of 1984. The Illinois Parentage Act of 1984 provides in pertinent part:

"45/5. Presumption of Paternity

***

(a) A man is presumed to be the natural father of a child if:

4

(4) he and the child's natural mother have signed an acknowledgment of parentage or, if the natural father is someone other than one presumed to be the father under this Section, an acknowledgment of parentage and denial of paternity in accordance with Section 12 of the Vital Records Act." 750 ILCS 45/5(a) (West 2004).

The Vital Records Act (410 ILCS 535/1 *et seq.*, (West 2004)) provides in pertinent part:

"535/12. Live births; place of registration.

***

(4) Unless otherwise provided in this Act, if the mother was not married to the father of the child at either the time of conception or the time of birth, the name of the father shall be entered on the child's birth certificate only if the mother and the person to be named as the father have signed an acknowledgment of parentage in accordance with subsection (5).

***

(5) Upon the birth of a child to an unmarried woman, *** the institution at the time of birth and the local registrar or county clerk after the birth shall do the following:

(a) Provide (i) an opportunity for the child's mother and father to sign an acknowledgment of parentage ***. The signing and witnessing of the acknowledgment of parentage*** conclusively establishes a parent and child relationship in accordance with Sections 5 and 6 of the Illinois Parentage Act of

1-06-1534

1984." 410 ILCS 535/12(4), (5) (West 2004).

The Illinois Parentage Act of 1984 and the Vital Records Act clearly state that if the mother of the child was not married to the father at the time of the child's birth, then the father's name will only be entered on the birth certificate if both the mother and the father sign an acknowledgment of parentage.

Here, Corral's is named as the father on the child's birth certificate. We hold this to be sufficient evidence, albeit circumstantial, to find that Corral signed a written acknowledgment of parentage such that his consent to the adoption of J.D.C. is required.

Accordingly, we reverse the order of the circuit court terminating the parental rights of Jose Corral. We remand with instructions to hold a fitness hearing to determine by clear and convincing evidence whether Jose Corral is an unfit person.

Reversed and Remanded, with instructions.

O'BRIEN, P.J., and GALLAGHER, J., concur.